MCDONALD'S LICENSEE PROTOTYPE WELFARE PLAN, The National Operators Advisory Board, Inc., and McDonald's Corporation, Plaintiffs,

v.

BOLDT, INC., Defendant.

No. 98 C 4879.

United States District Court, N.D. Illinois, Eastern Division.

Aug. 2, 1999.

---

Louis M. Rundio, Jr., McDermott, Will & Emery, Chicago, IL, for plaintiffs.

John R. Garofalo, Rory D. Cassidy, Kiesler & Berman, Chicago, IL, Benjamin H Davidson, II, Donald Graff, McCleskey, Harriger, Brazill & Graf, L.L.P., Lubbock, TX, for defendant.

### MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

McDonald's Licensee Prototype Welfare Plan [the "Plan"], the National Operators Advisory Board, Inc. ["NOAB"], and McDonald's Corporation ["McDonald's"] brought this action against Boldt, Inc. ["Boldt"] alleging violations of ERISA and the common law. Boldt moves to dismiss for lack of personal jurisdiction and improper venue, to transfer venue, and to require the plaintiffs to replead their fraud allegations. For the following reasons, the motion is denied.

The complaint alleges that Boldt, an owner of a McDonald's restaurant in Texas under a franchise agreement with McDonald's, entered into an agreement with the Plan to provide benefits to eligible

employees and dependants. According to the complaint, employees are eligible for benefits under the agreement if they have regularly scheduled work weeks of 32 hours or more. Allegedly, one of Boldt's employees, Sandra Morris, ceased to be a full-time employee on December 13, 1987, but until 1996 Boldt represented to the Plan that Ms. Morris was an eligible employee. This representation resulted in payment for health care benefits provided to Ms. Morris and her dependants amounting to $936,918.50.

■ Boldt first argues that the case should be dismissed for lack of personal jurisdiction and venue because the Plan is not an ERISA plan and the nationwide service provision in ERISA is accordingly inapplicable. Regardless of whether ERISA applies to this lawsuit, however, the plaintiffs have demonstrated that personal jurisdiction is proper under the Illinois long-arm statute, 735 ILCS 5/2–209, and that venue is proper under 28 U.S.C. § 1391(a)(2) or (b)(2). The complaint alleges that from 1988 until 1996 Boldt regularly and repeatedly misrepresented to the Plan that Ms. Morris was an eligible employee. Lynne Saucier, benefits insurance manager for McDonald's, states in an affidavit that Boldt's certifications that Ms. Morris was an eligible employee were sent to Oak Brook, Illinois. In addition, on a monthly basis Boldt sent to Chicago, Illinois the required payments for coverage for the employees that it certified to be eligible. Ms. Morris' insurance claims were also processed in Naperville or Bourbonnais, Illinois using the information that was prepared in Oak Brook, Illinois based on Boldt's eligibility certifications. Although Boldt disputes that the Plan was the entity involved in these activities, it has not otherwise disputed Ms. Saucier's affidavit.

The Illinois long-arm statute permits personal jurisdiction over non-resident parties to the full extent of due process. 735 ILCS 5/2–209(c). The plaintiffs argue that jurisdiction is proper because throughout the relevant time period, Boldt

was misrepresenting that Ms. Morris was eligible for benefits under the agreement by sending false certifications to Illinois. Boldt argues that it operates the McDonald's restaurant at issue in Texas and has no contacts with Illinois. Boldt does not dispute, however, that it repeatedly, over a number of years, sent certifications and payments to Illinois regarding Ms. Morris' eligibility and insurance coverage, and that all of that information was processed and relied upon in Illinois. Boldt cannot now argue that it was unreasonable to anticipate being haled into court in Illinois to resolve a dispute involving that same eligibility and insurance coverage. See *FMC Corp. v. Varonos*, 892 F.2d 1308, 1313–14 (7th Cir.1990) (holding that defendant was subject to personal jurisdiction in Illinois where she sent to the plaintiff in Illinois telexes and telecopied reports that contained misrepresentations).

The allegations in the complaint together with Ms. Saucier's affidavit also indicate that "a substantial part of the events or omissions giving rise [to] the claim occurred" in this district. 28 U.S.C. §§ 1391(a)(2) and (b)(2). Certifications of Ms. Morris' eligibility and monthly coverage payments were sent here and processed here; the insurance claims were also processed here. Because this district's contacts are substantial, venue is proper "notwithstanding the possibility that [Boldt's] activities may have been more substantial elsewhere." *Chemical Waste Management, Inc. v. Sims*, 870 F.Supp. 870, 875 (N.D.Ill.1994).

■ Boldt next argues that even if venue is proper, the case should be transferred to Texas pursuant to 28 U.S.C. § 1404(a). The burden is on Boldt to show that "the transferee forum is clearly more convenient." *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1293 (7th Cir.1989) (quoting *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219–20 (7th Cir. 1986)). Boldt's main argument is that Ms. Morris' husband, Monty Morris, lives in Texas and would be greatly inconve-

nienced if forced to travel to Illinois. However, the certifications made by Boldt regarding Ms. Morris were sent to this district, and witnesses knowledgeable about the determinations of Ms. Morris' eligibility and the processing of her insurance claims are largely located here. In addition, according to Ms. Saucier, the documents relating to the certifications and insurance claims at issue in this lawsuit are located here. Boldt has not demonstrated that litigating this case in Texas is clearly more convenient. In addition, Mr. Morris is not a necessary party. Based on the allegations in the complaint, full relief can be accorded among the plaintiffs and Boldt without Mr. Morris as a party. Boldt has not filed an indemnity claim against Mr. Morris in this lawsuit.

 Boldt further argues that venue should be transferred to Texas because Mr. Morris has sued Boldt and McDonald's in Texas for life insurance benefits under his wife's policy. In that case, Boldt has filed a cross claim against McDonald's for a declaratory judgment that the Morrises were entitled to all of the health insurance benefits paid on their behalf from 1988 through 1996, and that Boldt owes nothing to McDonald's for those benefits. Boldt has also filed a counterclaim against Mr. Morris for indemnity for the health insurance benefits. Mr. Morris' complaint was not filed until March 15, 1999; the plaintiffs' complaint against Boldt was filed on August 6, 1998. Boldt has not explained why it waited until Mr. Morris filed a suit (in Texas) regarding life insurance benefits to file its own claims against McDonald's and Mr. Morris regarding the health insurance benefits at issue in the case at bar. The Plan and NOAB are not parties to that lawsuit and would not be bound by a judgment. Under these circumstances, the filing of a declaratory judgment claim and indemnity claim in a Texas lawsuit relating to a transaction and occurrence in a pending, Illinois lawsuit is an insufficient reason to transfer venue.

The plaintiffs have also stated sufficient factual support for their fraud claims in counts II and V. These counts allege that Boldt made regular and repeated false certifications of Ms. Morris' eligibility with the intent that the Plan rely on those misrepresentations to provide medical benefits, that the Plan relied on the false certifications from 1988 through 1996 and provided health care benefits in the amount of $936,918.50, and that the false certifications defrauded the Plan of its assets.

### *Conclusion*

For the reasons discussed above, Boldt's motion to dismiss for lack of personal jurisdiction and improper venue, to transfer venue, and to require the plaintiffs to replead their fraud allegations is denied.